**Ron BRADHAM d/b/a TCM Components, Plaintiff,**

v.

**RANDOLPH TRUCKING COMPANY, INC., Defendant, Third-party plaintiff, Counter-defendant, Appellee,**

**Carolina Casualty Insurance Company, Third-party defendant, Counter-claimant, Cross-claimant, Appellant,**

**Insurance Administrators, Inc., Third-party defendant, Cross-defendant.**

**No. 91–8896**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 20, 1992.

Michael T. Thornton, Atlanta, Ga., for appellant.

Mark A. Gonnerman, Watson, Spence, Lowe & Chambless, Albany, Ga., Ben Kirbo, Burt & Burt, Albany, Ga., for appellee.

Before TJOFLAT, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant, Carolina Casualty Insurance Company, appeals from the district court's entry of summary judgment for third-party

plaintiff Randolph Trucking Company and its denial of Carolina's summary judgment motion, 775 F.Supp. 395. For the reasons that follow, we affirm the district court's order.

## I. BACKGROUND

### A. *The Relevant Facts*

This suit arose out of an accident which occurred on September 23, 1986, damaging a Stamco shear which belonged to plaintiff Ron Bradham, d/b/a TCM Components, and was being carried on a Peterbilt truck owned by Randolph Trucking. Randolph Trucking had purchased the Peterbilt truck on September 3, 1986. At that time, a 1974 International truck which was covered under Randolph's fleet insurance policy with Carolina Casualty was retired; its driver and license were transferred to the Peterbilt.

On October 16, 1986, Randolph's insurance agent requested that the Peterbilt and a Kenworth truck be added to Randolph's insurance policy and that the International be deleted. When notified of the accident involving the Peterbilt, Carolina Casualty refused to provide insurance coverage, claiming that the Peterbilt had not been added to the fleet policy.

### B. *Proceedings Below*

TCM Components sued Randolph Trucking and obtained a default judgment. Randolph filed a third-party complaint against Carolina, who filed a counterclaim against Randolph and a cross-claim against Randolph's insurance agent. On cross-motions for summary judgment, the district court granted Randolph's motion against Carolina and denied Carolina's motion against Randolph. This appeal followed.

## II. DISCUSSION

The only issue raised on appeal is whether the Peterbilt was covered by Randolph's insurance policy with Carolina. The district court found that the Peterbilt was a "replacement vehicle" and was automatically covered for 30 days from the date

of purchase. We agree. Part II(B) of Randolph's insurance policy stated:

> A truck you acquire which permanently replaces a covered truck will be a covered truck for 30 days with the same coverage(s) and limits of liability in effect for the truck replaced.
>
> *NOTICE:* If you want to continue the coverage(s) and limits of liability on that truck, you must tell us within the 30 days after you acquire it that you want to insure it and what coverage(s) and limits of liability you want on that truck. Premium will be adjusted accordingly.

Carolina argues that the quoted language requires that it be given notice of the purchase of the new truck within 30 days as a condition precedent to coverage of the vehicle. We disagree. The policy clearly provides that a replacement truck is automatically covered for 30 days from purchase. Notice must be given within 30 days in order to continue coverage past the 30–day period.

■ Carolina next argues that a question of fact exists as to whether the Peterbilt was a replacement truck. It is true that a Kenworth truck was also added to Randolph's insurance policy at the time the Peterbilt was added and the International deleted. However, it is clear that the Peterbilt was intended to replace the International. In his deposition, Mr. Stewart Randolph, part owner of Randolph Trucking, testified under oath that the Peterbilt, not the Kenworth, replaced the International. When the Peterbilt was purchased, the International's license and driver were transferred to the Peterbilt; the International was then retired. The mere fact that the Kenworth was added to the policy at the same time as the Peterbilt is insufficient to support Carolina's claim that a material issue of fact exists as to which truck replaced the International.[1]

AFFIRMED.

---

**1.** Because we find that the Peterbilt was a replacement vehicle, we need not address Randolph's alternative argument that the Peterbilt was covered under the policy as an "additional vehicle."